IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2019-BO

FILED
JAN 28 2011
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

ROBERT ODOM, )
     Petitioner, )
)
v. ) O R D E R
)
WARDEN TRACY JOHNS, )
     Respondent. )

On February 8, 2010, a federal inmate incarcerated at the Federal Correctional Institution in Butner, North Carolina, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent Tracy Johns filed a motion to dismiss or, in the alternative, a motion for summary judgment. Because respondent attached materials outside the pleadings, the court construes the motion as a motion for summary judgment. Petitioner responded in opposition to the motion for summary judgment, and the matter is ripe for determination.

In considering respondent's motion for summary judgment, the court views the evidence in the light most favorable to petitioner and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 56; Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Summary judgment is appropriate when there exists no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323. Once the moving party has met its burden, the nonmoving party

then must affirmatively demonstrate that there exists a genuine issue of material fact regarding trial. See Matsushita Elec. Indus. Co., 475 U.S. at 587. There is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. See Anderson, 477 U.S. at 250.

In the light most favorable to petitioner, the facts are as follows. On April 16, 1996, petitioner was arrested by North Carolina state authorities for drug activities in Charlotte, North Carolina. Pet., p.1; but see Decl. of Robert Odom, D.E. # 11 , ¶ 1. On April 11, 1997, petitioner was sentences to a term of 25 to 30 months on those state criminal charges. Pet., p. 1; Mem. in Supp. of Mot. for Summ. J., Erickson Decl., ¶ 6. On July 8, 1997, petitioner was indicted on federal charges in the Western District of North Carolina. Pet., p.1. On September 23, 1997, the United States Marshals "borrowed" petitioner from state custody pursuant to a federal writ of habeas corpus ad prosequedum for the federal prosecution in the Western District of North Carolina. Mem. in Supp. of Mot. for Summ. J., Erickson Decl., ¶ 7. On December 5, 1997, petitioner pled guilty to the indictment. Pet., p. 2. On November 30, 1998, petitioner was sentenced to a term of 198 months imprisonment and ten years supervised release for conspiracy to possess with intent to distribute, and distribute heroin within 1,000 feet of a public playground in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. Id.; Mem. in Supp. of Mot. for Summ. J., Erickson Decl., ¶ 8. The term of imprisonment was to run concurrently with the state sentence. Id. On February 23, 1999, petitioner was returned by the federal authorities to the custody of the state authorities. Mem. in Supp. of Mot. for Summ. J., Erickson Decl., ¶ 9. On September 20, 1999, petitioner completed the state sentence and was transferred to federal custody to complete his sentence. Id., ¶ 10.

2

On November 22, 2000, the BOP computed petitioner's federal sentence to have commenced on November 30, 1998, the date of the imposition of the federal sentence. See 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05, entitled Designation of State Institution for Service of Federal Sentence; Mem. in Support of Mot. for Summ. J., Erickson Decl., ¶ 12. In doing this the BOP, nunc pro tunc, designated the state facility to have been the place for petitioner to serve his federal sentence. Id. The BOP also awarded petitioner one day of prior custody credit for the time spent in confinement prior to the imposition of the federal sentence not already credited to his state sentence. Mem. in Support of Mot. for Summ. J., Erickson Decl., ¶ 17. April 12, 2013, is Odom's projected statutory release date. Id.

Petitioner's allegations are that the Bureau of Prisons ("BOP") failed to properly credit him for his concurrent state conviction and sentence. Specifically, petitioner argues he should have been credited an additional 18 months toward his federal sentence for time spent confined on the previously imposed state sentence. Alternatively, he claims that he sentencing court should have downwardly adjusted his sentence by 18 months to account for the time petitioner served in state custody prior to the imposition of his federal sentence.

The Attorney General, through the BOP, computes the sentence of a federal inmate. See, e.g., United States v. Wilson, 503 U.S. 329, 334–35 (1992). In calculating a federal sentence, the BOP considers two issues: (1) when the federal sentence commenced, and (2) the extent to which the defendant may receive credit for time spent in custody prior to commencement of the sentence. See 18 U.S.C. § 3585; see also Rudd v. DeWalt, No. 5:03-HC-713-BO, 2004 WL 3246979, at *2 (E.D.N.C. July 19, 2004) (unpublished). A "federal sentence does not commence until the Attorney General receives the defendant into her 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998) (quotation omitted). "When a federal

3

court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the Attorney General or the [BOP] agrees to designate the state facility for service of the federal sentence." Id. at 911–12.

In petitioner's case, the court imposed petitioner's federal sentence on November 30, 1998, and ordered it to run concurrently with the state sentence that petitioner was serving. Mem. in Support of Mot. for Summ. J., Erickson Decl., ¶ 8. On September 20, 1999, at the conclusion of petitioner's state sentence he was taken into federal custody to serve the remainder of his federal sentence. Id. at ¶ 10.

On November 22, 2000, the BOP, designated the state facility as the official detention facility for service of his federal sentence, in accordance with 18 U.S.C. §§ 3621 and 3585(a) and BOP policy. This designation gave petitioner a concurrent federal sentence which commenced on November 30, 1998, the date of the federal sentence's imposition.

The court next considers whether petitioner is entitled to any credit toward his federal sentence under 18 U.S.C. § 3585(b) for time served in detention prior to the commencement of his federal sentence. This credit is for time spent in custody prior to the date of the sentence's commencement "that has not been credited against another sentence." 18 U.S.C. § 3583(b); United States v. Wilson, 503 U.S. 329, 337 (1992) (no double credit). However, the records show petitioner received credit toward his state sentence from April 11, 1997, through September 20, 1999, including the time "he was borrowed from state custody" pursuant to a federal writ of habeas corpus ad prosequendum. Thus, he is not entitled to credit under § 3585(b).

Furthermore, the five days petitioner argues he has not been given credit for from April 1996, are not supported by any evidence before the court. See Erickson Decl., ¶ 19. The BOP

4

appears to have credited him with one day of jail time from a day spend in custody on March 28, 1997, which was not credited towards his state sentence. Id, ¶ 17.

As for petitioner's claim for a downward adjustment by 18 months under USSG § 5G1.3, the court is without jurisdiction to consider the claim. A challenge to the validity of the sentence itself must generally be brought before the sentencing court as a petition for a writ of habeas corpus under 28 U.S.C. § 2255. See 28 U.S.C. § 2255; United States v. Little, 392 F.3d 671, 678-79 (4th Cir. 2004) (citation omitted). United States v. Werber, 51 F.3d 342, 349, n.17 (2nd Cir. 1995) (challenge to sentencing court's determination under §5G1.3 is not appropriate under § 2241).

For the reasons stated, the court GRANTS respondent's motion for summary judgment (D.E. # 6). The Clerk of Court is DIRECTED to close the case.

SO ORDERED. This 26 day of January 2011.

*Terrence Boyle*
TERRENCE W. BOYLE
United States District Judge